Jacquat v. Bachman.

---

## HIPPOLYTE JACQUAT, EXECUTOR,
### v.
## JOSEPH BACHMAN.

*Wills—Devise of Lands for Years—Death of Devisee.*

A devise of lands to one to have, use and hold for a certain number of years succeeding the death of the testator, creates an absolute estate for years or chattel real, which passes to the personal representatives of the devisee.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Woodford County; the Hon. S. S. PAGE, Judge, presiding.

In connection with this case see the preceding and related case of Hellwig v. Bachman.

Messrs. W. L. ELLWOOD and W. S. GIBSON, for appellant.

Messrs. N. E. WORTHINGTON and GEORGE T. PAGE, for appellee.

LACEY, J.   This was an action of ejectment, brought to recover the possession of certain real estate in question, the possession of which was held by appellant.   The court below found in favor of appellee, and rendered judgment for possession of the real estate in question against the appellant. The appellant claimed the realty under and by virtue of two wills.   The first one was by Peter Kennell to his wife, Barbara, by which he devised to her the real estate in question, "to have, use and hold for six years from March 1st succeeding my death."   Said Peter having died on the 3d day of November, 1885, the said Barbara afterward devised her interest or six years' term in said land to the appellant, her executor, who was directed by her will to collect and "pay one-half the income to her niece, Louisa Jacquat, and that the remaining one-half be equally divided among nephews and nieces," named in the will.   By the will of said Peter, the appellee was the reversionary devisee of the realty in question after the termination of the six years' term of his wife, Barbara. Barbara died September 25, 1886.   The appellant was in possession under said two wills, and the object of this suit was to dispossess him.

The court below found in favor of appellee, construing the will of Peter Kendall to mean that the six years' term was to terminate at the death of his wife, Barbara, and, she having died, held that appellee was entitled to the immediate possession, though the six years had not expired after the death of said Peter.

The will does not provide in terms or any language used in it that the six years' term should expire at the death of Barbara Kennell in case that should take place prior to such expiration. The court was in error in supposing that the six years' term expired at Barbara's death irrespective of the lapse of time. It was, in effect, to change the terms of the will in that respect. The six years' term of Barbara in law is termed a chattel real, and goes to the administrator, executor or devisee of the termor, and does not lapse at his death. In order that such term should unconditionally lapse at his death the will must so provide. The ruling of the court below was to change this rule of law, and to hold that the will creating the term must expressly provide that the term shall survive to the administrator, executor or devisees of the termor. The court below erred in so holding. We refer to the opinion of this court, filed herewith, in Hellwig v. Bachman, where the same wills and same questions are involved as in this case, where the facts and the law are stated more at large, for a further discussion of the case. The judgment of the court below is reversed and the cause remanded.

